UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID GRIFFOR,

    Plaintiff/Counter-Defendant

vs.

    Case No. 10-cv-12383

    HON. GEORGE CARAM STEEH

FEDERAL DEPOSIT INSURANCE
CORPORATION, as receiver for
CF BANCORP,

    Defendant/Counter-Plaintiff.
_____/

ORDER ACCEPTING IN PART REPORT AND RECOMMENDATION
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. # 72)
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. # 74)

    Before the court is Magistrate Judge R. Steven Whalen's report and recommendation (R&R) concerning the parties' cross-motions for summary judgment, in which he recommended that defendant's motion be granted and that of plaintiff, as to defendant's counter-claims, be denied.  Plaintiff filed a document entitled "response to report and recommendations," which the court construes as objections to the R&R.

    Plaintiff's two page objection contains seven single-spaced paragraphs, and does not indicate exactly to which part of the magistrate's R&R he objects, although it appears that his objections target only the magistrate judge's findings concerning his claims, and not the counterclaims made by defendant.  The court's interpretation of plaintiff's objections, and its determinations, follow.

In plaintiff's first two paragraphs, he addresses unpaid commissions to which he asserts he was entitled. He distinguishes between commissions on two transactions (the "Gurne" and "McNeil" transactions) he asserts were earned prior to his termination and commissions "for the group of investors which was to close after my termination." He attaches what appears to be a copy of a letter to him from Daryl Conrad, Director of Human Resources, dated November 13, 2009, stating that he was being transferred to "Special Assets/Loan Originator for our Special Assets Department." The letter lists a salary of "$45,000/base plus Commission," and also states that he will "receive applicable commissions from any Special Assets approve loans [he] originate[s]." Plaintiff states this letter was provided to him by defendant as a part of his "employee file." Assuming this to be the case, the court notes that this writing has been a part of the defendant's record since the time it was written.

This appears to be plaintiff's objection to the R&R's statement that "[t]he uncontradicted evidence in this case shows that (1) Griffor's alleged agreement for commissions during the term of his employment with CFB is not substantiated by a signed, written agreement." (R&R at 7.) The court notes that the letter attached to plaintiff's objections is not referenced in the R&R. Thus, the court will withhold its determination on the plaintiff's claim concerning the Gurne and McNeil transactions on the basis of this letter pending defendant's response to the objection, and any reply thereto plaintiff desires to file, by deadlines set forth below. As to any other commissions to which plaintiff claims entitlement, the court will adopt the report and recommendation.

Paragraph two addresses the issue of a severance agreement. The R&R found that defendant was entitled to judgment on plaintiff's claim concerning a severance agreement, for the reason that "no agreement was finalized, reduced to writing, and signed by CFB." (R&R at 8.) Plaintiff does not contend in his objections, however, that such an agreement exists. In fact, he asserts only that the bank's attorney requested that "we allow the agreement be extended a few days so that Mr. Campbell, who was out of town at the time, could sign the agreement. The day after we agreed to the extension, the bank withdrew the severance agreement." This does not impact the finding made by the R&R, which the court will adopt.

The remaining paragraphs constituting plaintiff's objections address his assertion that he was wrongfully terminated. Plaintiff explicitly acknowledges, however, that he "was an at-will employee and being so the bank could terminate me without cause." He then makes a creative argument that because the bank actually terminated him for a given reason (having to do with certain sales of real estate plaintiff put together), which the bank had earlier approved, the bank violated an employment agreement.

This objection fails to persuade the court to find for plaintiff here. Plaintiff's at-will employment status was not altered by any discussions he had with others at the bank about real estate transactions. Plaintiff points to no written commitment by the bank to that effect, and in fact the only writing cited by the parties, the employee handbook, clearly demonstrates that he was at-will.

For the foregoing reasons, the court hereby accepts and adopts the well-reasoned report and recommendation of the magistrate judge as the findings of this court, with the exception of the plaintiff's claim for the Gurne/McNeil commissions

allegedly earned prior to his termination. As mentioned above, the court invites defendant to respond to plaintiff's objection solely as to this issue, no later than April 10, 2013. Plaintiff may file a reply to that brief no later than April 24, 2013. The court's determination on the defendant's motion for summary judgment as to that claim will follow.

**IT IS SO ORDERED**.

Dated: March 27, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 27, 2013, by electronic and/or ordinary mail and also on David Griffor, 2911 Conger Street, Port Huron, MI 48060.

s/Barbara Radke
Deputy Clerk