UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID GRIFFOR,

    Plaintiff/Counter-Defendant,

CASE NO. 10-cv-12383

vs.

HON. GEORGE CARAM STEEH

FEDERAL DEPOSIT INSURANCE
CORPORATION, as receiver for
CF BANCORP,

    Defendant/Counter-Plaintiff.
_____/

ORDER REGARDING THE ISSUE UNRESOLVED BY PREVIOUS
ORDER ACCEPTING IN FULL THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (DOC. #72)

For the second time before the court is Magistrate Judge R. Steven Whalen's report and recommendation (R&R) concerning the parties' cross-motions for summary judgment. Previously, the court accepted the R&R in part, and requested additional information from the parties as to one issue. That briefing is now complete, and the court now accepts and adopts the R&R of the magistrate judge as the findings of this court in granting the defendant's motion for summary judgment in full.

In its first ruling on March 27, 2013 (Document #91), the court found that the plaintiff's objections to the recommendation relating to his claim for a severance package and for wrongful termination are without merit. As to the plaintiff's last remaining claim, unjust enrichment for the unpaid commissions for the "Gurne" and

"McNeil" transactions, the court now adopts the R&R of the magistrate judge. Mr. Griffor, the plaintiff, is not entitled to the commissions from those transactions because he provides no evidence either transaction was substantiated by an agreement in writing or reflected in the bank's records.[1]

Mr. Griffor provides only two relevant pieces of evidence concerning his claim for unpaid commissions: his employee change notice signed by Darryl Renaud, head of the Special Assets group, and the letter of transfer, stating Mr. Griffor will receive "applicable commissions from any Special Assets approve [sic] loans [he] originate[d]." Mr. Griffor argues these entitle him to the commissions from the loans he originated after the transfer. In response to the defendant's argument that neither transaction was approved by Mr. Renaud, Mr. Griffor argues he was told his commissions would be approved by Robert McClellan or Randy Cutler, and that Mr. McClellan approved the commission for the Gurne transaction and Mr. Cutler approved the commission in the McNeil transaction. "Response to Defendant's Brief in Response to Plaintiff's Objections/Response to Report and Recommendations" (Document #95).

Assuming that Mr. McClellan's and Mr. Cutler's approval was sufficient to create an obligation for the bank to pay Mr. Griffor the commissions, Mr. Griffor puts forward no evidence that either transaction was approved. He has no signed documents, no testimony from either Mr. McClellan or Mr. Cutler, and no information from anyone except his own allegations that the two men approved his loan commissions.

---

[1] Defendant argues the plaintiff's objection to the report and recommendation was untimely because it was filed more than 14 days after service. Because the court finds in favor of the defendant on other grounds below, it will not address this issue.

Further, the lack of any record evidence about commissions owed to Mr. Griffor renders his claim invalid against the FDIC. The D'Oench doctrine, codified in 12 U.S.C. § 1823(e), exists to protect the FDIC from undocumented agreements. See Federal Deposit Ins. Corp. v. McCullough, 911 F.2d 593, 599, fn. 4 (11th Cir. 1990). Agreements with the predecessor bank are not enforceable against the FDIC as receiver for the bank unless the bank has a clear record of the agreements and the obligations they create, because only with a clear record do bank examiners know the true value of the bank's assets. Abrams v. FDIC, 944 F.2d 307, 310 (6th Cir. 1991), Langley v. Fed. Deposit Ins. Corp., 484 U.S. 86, 91 (1987) ("One purpose of § 1823(e) is to allow federal and state bank examiners to rely on a bank's records in evaluating the worth of the bank's assets"). The FDIC may assert the D'Oench doctrine as a defense to actions brought against it. Hall v. Federal Deposit Insurance Corporation, 920 F.2d 334, 340 (6th Cir. 1990), cert. denied, 501 U.S. 1231(1991).

The R&R relied on the D'Oench doctrine to recommend this court enter judgment for the defendant as to the remaining claim, because the magistrate judge found no written agreement existed. Mr. Griffor argues a written agreement does exist: the employee change notice and the letter of transfer. The two documents, however, are still insufficient to overcome the doctrine. Neither lists the specific commissions to be paid to Mr. Griffor. They could not, possibly, because by definition Mr. Griffor transferred into the Special Assets group prior to securing promises for the allegedly earned commissions. Because neither of the alleged Gurne/McNeil transactions appear in the bank's records, enforcing the agreement would defeat the purpose of the D'Oench doctrine, requiring that the bank's record reflect the true value of its assets.

In addition, the written agreement fails to meet other requirements in the statute. The statute reads, in pertinent part,

> No agreement which tends to diminish or defeat the interest of the Corporation [the FDIC] in any asset acquired by it . . . as receiver of any insured depository institution, shall be valid against the Corporation unless such agreement:
>
> (A) Is in writing,
>
> (B) Was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,
>
> (C) Was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and
>
> (D) Has been, continuously, from time of its execution, an official record of the depository institution.

12 U.S.C. § 1823(e)(1). The only writings in the record are the letter of transfer and the employee change notice described above, which do not meet any of these requirements. Because the documents were signed before the alleged Gurne/McNeil transactions, they do not fulfill the "contemporaneously" requirement in (2). Even if the commissions were approved by Mr. McClellan or Mr. Cutler, the minutes are not reflected in any official document like the "minutes of said board or committee," and Mr. Griffor again provides no evidence that they are officially recorded in any way, as required in (3) and (4). The notice of transfer agreement and the employee change notice cannot entitle Mr. Griffor to the commissions he seeks from the FDIC, and Mr. Griffor has provided no other information to substantiate his claim.

In conclusion, the court now adopts in full the report and recommendation of the magistrate judge as to all of Mr. Griffor's claims.  Reflected in the court's previous order on the report and recommendation, the court also adopts the magistrate judge's recommendation to deny plaintiff's motion for summary judgment on the defendant's counterclaim. Therefore, the defendant's counterclaims remain pending.  The defendants should contact the court to schedule further proceedings on those claims if desired.

**IT IS SO ORDERED.**

Dated:  August 6, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 6, 2013, by electronic and/or ordinary mail and also on David Griffor, 2911 Conger Street, Port Huron, MI 48060.

s/Barbara Radke
Deputy Clerk